IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

EARNEST MONCADA,                )
                                )
        Petitioner,              )
                                )
v.                              )    No. CIV-20-779-C
                                )
LUKE PETTIGREW, Warden,         )
                                )
        Respondent.              )

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se,* filed this action for a writ of habeas corpus under 28 U.S.C. § 2254. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The undersigned has undertaken a review of the sufficiency of the Petition pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.[1] For the following reasons, it is recommended the Petition be dismissed without prejudice.

I. Background

On June 16, 1997, following a jury trial, Petitioner was found guilty of Burglary in the Second Degree and Assault and Battery with a Dangerous Weapon.[2]

---

[1] Although Respondent has filed a Motion to Dismiss, in light of the recommendation herein, the Motion should be denied as moot.

[2] The subsequent appellate record in this matter indicates these convictions were each after two or

1

Doc. No. 1 at 1; Oklahoma State Courts Network, *State of Oklahoma v. Moncada*, Case No. CF-1997-100, District Court of Jackson County.[3] The state court sentenced Petitioner to 979 years imprisonment on the former and 999 years imprisonment on the latter and ruled the sentences would run concurrently. *Id.*

Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals ("OCCA"), which affirmed the same on November 6, 1998. Doc. No. 1 at 2-3; Oklahoma State Courts Network, *Moncada v. State of Oklahoma*, Case No. F-1997-1680.[4] On August 3, 2001, Petitioner filed an application for post-conviction relief in the state district court. Oklahoma State Courts Network, *State of Oklahoma v. Moncada*, Case No. CF-1997-100, District Court of Jackson County, *supra*. The state court denied the application and the OCCA affirmed the same on December 6, 2002. Oklahoma State Courts Network, *Moncada v. State of Oklahoma*, Case No. PC-2002-1198.[5]

---

more former convictions of a felony. *See* Order Affirming Denial of Third Application for Post-Conviction Relief, *Moncada v. State of Oklahoma*, No. PC-2016-314 (Okla. Crim. App. Aug. 11, 2016).

[3] *See* https://www.oscn.net/dockets/GetCaseInformation.aspx?db=jackson&number=CF-1997-100

[4] *See* https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=F-1997-1680

[5] *See* https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=PC-2002-1198&cmid=83486

Petitioner filed another application for post-conviction relief on January 22, 2016. Oklahoma State Courts Network, *State of Oklahoma v. Moncada*, Case No. CF-1997-100, District Court of Jackson County, supra. The state district court again denied the application and the OCCA affirmed the same on August 11, 2016. Oklahoma State Courts Network, *Moncada v. State of Oklahoma*, Case No. PC-2016-314.[6]

On August 6, 2020, Petitioner filed the instant action. Doc. No. 1. Relying on the Supreme Court's recent decision in *McGirt v. State of Oklahoma*, __ U.S. __, 140 S.Ct. 2452 (2020), Petitioner argues the State of Oklahoma did not have jurisdiction over his criminal case because the underlying crimes were committed on Indian land and therefore, lies within the exclusive jurisdiction of the federal government. Doc. No. 1 at 4-5. He also asserts ineffective assistance of appellate counsel based on counsel's failure to raise this claim on appeal. *Id.* at 5-6. Finally, he contends it would now violate Double Jeopardy principles to charge Petitioner in federal court for the crimes underlying his state convictions. *Id.* at 5-7.

II. Screening Requirement

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court is required to examine a habeas petition and to summarily dismiss it "[i]f it plainly

---

[6] *See* https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=PC-2016-314&cmid=118904

appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing § 2254 Cases. "[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day v. McDonough*, 547 U.S. 198, 210 (2006). Petitioner has such notice by this Report and Recommendation, and he has an opportunity to present his position by filing an objection to the Report and Recommendation. Further, when raising a dispositive issue *sua sponte*, the district court must "assure itself that the petitioner is not significantly prejudiced . . . and determine whether the interests of justice would be better served by addressing the merits . . . ." *Id.* (quotations omitted); *Smith v. Dorsey*, No. 93-2229, 1994 WL 396069, at *3 (10th Cir. July 29, 1994) (noting no due process concerns with the magistrate judge raising an issue *sua sponte* where the petitioner could "address the matter by objecting" to the report and recommendation).

III. Analysis

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see*

*also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). The exhaustion requirement is satisfied when the petitioner "us[es] all steps that the [applicable entity] holds out . . . ." *Woodford*, 548 U.S. at 90. "A narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010).

Petitioner has not exhausted available remedies concerning his habeas claims as he has not raised these claims before the state court. In addition to the opportunity to again seek post-conviction relief, Oklahoma also affords state prisoners the ability to bring a writ of habeas corpus to seek release from unconstitutional confinement. Okla. Stat. tit. 12, § 1331; *State v. Powell*, 237 P.3d 779, 780 (Okla. 2010); *see also Crank v. Jenks*, 224 F. App'x 838, 839 (10th Cir. 2007) (denying a certificate of appealability for a state prisoner's federal habeas action, wherein he argued for retroactive application of state law affecting his parole, because he had not first filed a habeas action in state court). A review of the applicable docket in Petitioner's state court action reveals that he has not filed a writ of habeas corpus or any similar request since the Supreme Court issued the *McGirt* decision in July 2020. *See* Oklahoma State Courts Network, *State of Oklahoma v. Moncada,* Case No. CF-1997-100, *supra.* Moreover, a search of Petitioner's name in the dockets for Jackson

County and the Oklahoma Court of Criminal Appeals shows he has not filed any separate actions regarding his current claims with either of those courts.

As Petitioner has not provided the state courts an opportunity to address his claims, this Court may not consider the same. *O'Sullivan*, 526 U.S. at 842; *see also, cf., Ryder ex. rel. Ryder v. Sharp*, No. CIV 05-024-JFH-KEW, 2020 WL 5038520, at *3 (E.D. Okla. Aug. 25, 2020) (referencing necessity of state prisoner to first exhaust *McGirt* related claims in state court prior to seeking habeas relief). Accordingly, Petitioner's action should be dismissed without prejudice based on his failure to exhaust state court remedies.

## RECOMMENDATION

Based on the foregoing findings, it is recommended this action be dismissed without prejudice based on Petitioner's failure to exhaust state court remedies. In light of this recommendation, Respondent's Motion to Dismiss (Doc. No. 13) should be denied as moot. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by __November 11th__, 2020, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. *Moore v. United States of America*, 950 F.2d 656 (10th Cir. 1991); *see, cf. Marshall v. Chater,* 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are

deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this  22nd  day of  October , 2020.

*(signature)*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE